**John A. BRUCE, Jr., Plaintiff-Appellant,**

**v.**

**WESTERN AUTO SUPPLY COMPANY, Defendant-Appellee.**

Court of Appeals of Tennessee, Middle Section.

Feb. 16, 1984.

Application for Permission to Appeal Denied by Supreme Court April 23, 1984.

Edward C. White, John C. Dockins, Nashville, for plaintiff-appellant.

G. Thomas Nebel, Karen L.C. Ellis, Bass, Berry & Sims, Nashville, for defendant-appellee.

## OPINION

LEWIS, Judge.

Plaintiff John A. Bruce, Jr. filed his complaint against defendant Western Auto Supply Company (Western Auto) and alleged that he was terminated from his employment with Western Auto solely because of his age in violation of T.C.A. § 4–21–101 *et seq.* At the conclusion of an evidentiary hearing, the Chancellor found that plaintiff had not carried the necessary burden of proof and dismissed the complaint.

T.C.A. § 4–21–105 prohibits an employer from discriminating in hiring and firing on the basis of age. T.C.A. § 4–21–126(a) provides: "The prohibitions imposed by this chapter relating to age discrimination in employment shall be limited to individuals who are at least forty (40) years of age but less than seventy (70) years of age." Plaintiff was fifty seven years of age at the time his employment with Western Auto came to an end and is, therefore, one of those the statute protects.

Our research reveals no cases in which the appellate courts of Tennessee have construed these statutes. We therefore look to cases which have construed the federal "Age Discrimination in Employment Act," 29 U.S.C.A. § 621 *et seq.* The Tennessee legislation specifically states that "[i]t is the purpose and intent of the general assembly by this enactment to provide for execution within Tennessee of the policies embodied in the Federal Civil Rights Acts of 1964, 1968 and 1972 and the Age Discrimination in Employment Act of 1967, as amended...." T.C.A. § 4–21–101.

The Sixth Circuit, in discussing the burden of proof placed on a plaintiff in an age discrimination case, stated:

> The ultimate issue in this age discrimination suit is whether age was a determining factor in the employer's decision to fire the plaintiff. [Citations omitted.] The plaintiff can establish a prima facie case of age discrimination by using the McDonnell Douglas [*McDonnell Douglas Corp v. Green*, 411 U.S. 792 [93 S.Ct. 1817, 36 L.Ed.2d 668] (1973)] criteria. The plaintiff can also establish a prima facie case using statistical information, direct evidence of discrimination, and circumstantial evidence other than that which is used in the *McDonnell Douglas* criteria. *See Stanojev v. Ebasco Services*, 643 F.2d 914 at 920–21. Once a prima facie case is established through either of these methods, the burden shifts to the employer to produce a legitimate non-discriminatory reason for his decision. The ultimate burden of proving discrimination also remains with the plaintiff. [Citation omitted.]

*Blackwell v. Sun Electric Corp.*, 696 F.2d 1176, 1180 (6th Cir.1983).

■ Once a prima facie case of age discrimination has been established by the plaintiff, the employer may rebut by a showing that the employment decision affecting plaintiff was based on reasonable factors other than age. *Sahadi v. Reynolds Chemical*, 636 F.2d 1116 (6th Cir. 1980); *Laugesen v. The Anaconda Co.*, 510 F.2d 307 (6th Cir.1975). The burden is not upon the employer to show an absence of age discrimination. The employer must simply produce evidence of legitimate non-discriminatory reasons. *Board of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 99 S.Ct. 295, 58 L.Ed.2d 216 (1978).

■ The purpose of T.C.A. § 4–21–101 *et seq.*, among other things, is to "prohibit discrimination in employment" and not to restrict the employer's right to make bona fide business decisions. *See Blackwell*, 696 F.2d 1176.

■ Once an employer has articulated a legitimate non-discriminatory reason for its employment decision, the plaintiff must then prove by a preponderance of the evidence that the reason given by the employer was a mere pretext for what was in truth a discriminatory purpose. *Loeb v. Textron, Inc.*, 600 F.2d 1003, 1011–12 (1st Cir.1979); *Laugesen*, 510 F.2d at 311–312.

■ The ultimate burden of proof may not be satisfied by the plaintiff's conclusion concerning his belief that he was terminat-

ed or forced to retire solely because of his age. There is no automatic presumption arising from the fact that a worker in the forty to seventy age group was terminated and replaced by a worker of a different age. *Sahadi*, 636 F.2d at 1118; *Laugesen*, 510 F.2d at 312.

From a review of the record, it appears that the Chancellor followed the instructions laid down in the federal cases. His oral findings of fact and conclusions of law are, in pertinent part, as follows:

> As noted by counsel for Western Auto, this appears to be a case of first impression in Tennessee. The Tennessee statute which prohibits employment discrimination on account of age is new. Moreover, persons who perceive themselves victims of age discrimination routinely file suits in Federal Court where they can litigate the issue under an act of congress which constitutes a federal remedy parallel to a state remedy followed by the Tennessee statute.

> In the absence of any Tennessee decisions construing the age discrimination statute, I think it is necessary and appropriate to look to Federal Court decisions which construe the corresponding federal statute. Particularly I think it is necessary to utilize the federal decisions to determine the standard by which this Court will weigh the evidence to determine if the Plaintiff has carried his burden of proof.

> The standard is enunciated by the Sixth Circuit Court in the case which was provided the Court by the Defendant, Blackwell versus Sun Electric Company, decided in January, 1983 by the Sixth Circuit and as yet unreported.

> That standard is that the Plaintiff must prove age was a determining factor in the employer's decision to terminate the Plaintiff.

> Measured against that standard, the Court concludes that the evidence falls far short of that necessary to prove a case of age discrimination.

> In 1980 for the first time in its long history of operation, Western Auto lost money. At that time the company went through a rather dramatic change in management; management at the highest level. The new management assessed the problem and decided to make a substantial change in the concept of the stores, changing them from stores of the general hardware nature to stores specializing in automotive parts and accessories and automotive service.

> The company decided to pattern its new concept after two California companies which were visited by management.

> As a result of the new concept, the number of Western Auto stores in Nashville was reduced by two, thus two store managers in the Nashville area had to be removed.

> Western Auto evaluated the store managers and decided that the Plaintiff and one other person would not be retained as managers.

> The fundamental issue in this suit then is whether the Plaintiff's age was a determining factor in Western Auto's decision to include him in one of the two store managers who would not be retained as store managers.

> The Plaintiff has not proven by a preponderance of the evidence that age was a determining factor.

> Western Auto made a careful evaluation of the Nashville managers, took into consideration the number of objective and subjective factors, and among the objective factors was the Plaintiff's principle involvement in the appliance and other phases of Western Auto's operation, as opposed to the automotive phase, the high percentage of nonautomotive sales at the store that Plaintiff manages and the low percentage of automotive sales at those stores and the overall sales figures for the Plaintiff's store.

> Among the subjective factors were the informed opinion of Mr. Weaver, the Nashville district manager, which included a low ranking of the Plaintiff among the group of Nashville managers and the perception that Plaintiff was inflexible and resistant to change.

In the Court's judgment, these objective and subjective factors were the determining factors in Western Auto's decision not to retain the Plaintiff as a manager.

In addition, there are several other facts which tend to negate the Plaintiff's claim of age discrimination. First, there appears to be no pattern of retention of the Nashville managers based upon age. Some of the managers retained are within the protected class, some are not.

Of the two managers not retained, the Plaintiff is within the protected class. The other person is not within the protected class.

Second, there is no evidence that Western Auto through its officials discussed the Plaintiff's age or the age of any other managers in making its decision.

Third, the Plaintiff was offered another job with Western Auto.

So, for those reasons, the Court concludes the Plaintiff has not met the necessary burden. The Court dismisses the Complaint and taxes the costs against the Plaintiff and asks the Defendant's counsel to prepare the decree.

■ We review the Chancellor's findings of fact *de novo* upon the record accompanied by a presumption of correctness and that presumption will stand unless the preponderance of the evidence is otherwise. Tenn.R.App.P. 13(d). The burden is upon the appellant to show that the preponderance of the evidence is otherwise. *Capital City Bank v. Baker*, 59 Tenn.App. 477, 442 S.W.2d 259 (1969). Plaintiff-appellant has failed to carry his appellate burden. Our *de novo* review of the record fully supports the findings of the Chancellor.

The decision concerning which stores to close and relocation of the affected personnel was reached as a result of consultations between Carl Finamore, Group Retail Manager, James Coldiron, District Retail Manager, J.W. Caldwell, Retail Sales Manager, and Clarence Weaver, who was then Nashville District Retail Manager. When the final decision was made regarding which stores would be converted and who would

be assigned to manage them, plaintiff and one other manager, Ray Phillips, were selected for removal from their positions as store managers. Mr. Phillips was not within the protective age category. Plaintiff was informed by Mr. Caldwell on the morning of January 26, 1982, that he would not be retained as a store manager. While the plaintiff denies that he was offered two options, there is evidence that he was offered a job with Western Auto as a salesman if he chose to stay but if he chose not to accept that position, the second option was a severance package of thirteen weeks salary plus accumulated benefits. Plaintiff was over fifty five years of age and was also eligible to elect early retirement.

The evidence is that all management and hourly employees in the Nashville district who were not chosen to remain in their former job classifications were given a choice of accepting an alternative position with the company or to take severance pay and accumulated benefits. If they were eligible, they were also offered early retirement.

Plaintiff, rather than accept a job as salesman, resigned his employment, accepted the thirteen weeks severance pay, accrued vacation and other benefits, and took early retirement. After the interview between Mr. Caldwell and plaintiff, a form was completed which indicated that plaintiff elected to take early retirement. That form was submitted to Western Auto's corporate offices in Kansas City on January 27, 1982. Nashville Western Auto officials were subsequently notified that plaintiff would not be eligible to receive the severance package if he elected to take voluntary retirement. Because a commitment had been made to plaintiff that his total severance package would be in addition to voluntary retirement, the form was changed in Western Auto's personnel office to reflect "reduction in force" so plaintiff could have both early retirement and the severance package.

Although plaintiff's form was marked reduction in force, there was no actual reduction in force, either in management or

hourly employees, as a result of the changeover in the Nashville market. All employees were given the option of continued employment, either in a different position, the same position, or they had the option of selecting the severance package.

Plaintiff has presented several issues which raise the single issue: "Whether or not plaintiff carried his burden of showing that age was a determining factor in Western Auto's decision to remove him from his position as store manager."

 We have reviewed the evidence and find that plaintiff failed to carry his burden. The evidence clearly shows that it was a business decision to reduce the Nashville store managers from eleven to nine and that when Western Auto chose to retain the best managers, plaintiff and Mr. Phillips were not within that group. There is no evidence from which the Chancellor or this Court could find that the decision not to retain plaintiff was in any way based on his age. The evidence is that the decision was made solely on the basis of past performance of each sales manager, his sales background, etc., and that after an evaluation of each store manager was made it was decided that plaintiff and Mr. Phillips would not be retained as store managers. Plaintiff's ranking among the other managers was consistently in the bottom third. Plaintiff also had had limited automotive experience.

Western Auto articulated a valid non-discriminatory business reason for its decision not to retain plaintiff in his position as store manager. Plaintiff has failed to establish by a preponderance of the evidence that age was a determining factor in Western Auto's decision.

Plaintiff's argument that the reasons given by Western Auto were a pretext to mask impermissible discrimination relies on his insistence that the "Personnel Additions and Change of Status" form dated January 26, 1982, constituted evidence of age discrimination because the form had previously been marked to indicate early voluntary retirement and that subsequent-

ly it was changed to show he had been released due to a reduction in force. This change was explained by both Mr. Finamore and Mr. Caldwell. They testified that the form was originally marked to reflect that plaintiff had elected early retirement but, because of the company's corporate policy of granting severance pay to voluntary retirees, it was necessary in order for them to live up to the commitment made to plaintiff, that the form be changed to reflect a "reduction in force." The evidence is clear that the change on this form was made for the benefit of plaintiff.

We have considered each of plaintiff's arguments and find them to be without merit. The judgment of the Chancellor is affirmed with costs to plaintiff and the cause remanded to the Chancery Court for the collection of costs and any further necessary proceedings.

TODD, P.J., and CONNER, J., concur.