**Robert T. FLYNN, Plaintiff/Appellant,**

v.

**SHONEY'S INC., Defendant/Appellee.**

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Oct. 28, 1992.

Application for
Permission to Appeal Denied
by Supreme Court
March 15, 1993.

Charles R. Ray, Fred Cowden, Jr., Ray & Housch, Nashville, for plaintiff/appellant.

Gary M. Brown, Matthew J. Sweeney, James G. Ramsey, Farris, Warfield & Kanaday, Nashville, for defendant/appellee.

## OPINION

CANTRELL, Judge.

This is an action resulting from an employment discrimination claim based on age. After a jury verdict for the discharged employee, both sides have appealed. The employer seeks a judgment in accordance with its motion for a directed verdict made at the trial; the employee seeks reinstatement or an award of front pay. We affirm the lower court's decision.

### I.

In September of 1988, Shoney's, Inc. terminated Robert T. Flynn, a 48–year–old employee who had served the company for twelve years in various managerial positions. The termination came at a time when the company was completing a recapitalization and restructuring plan which involved significant reductions in management positions. Mr. Flynn was not, however, discharged when the others were; he had survived the first two rounds of dismissals earlier in the summer of 1988 and had been awarded a stock option plan adopted for long-term employees. Mr. Flynn testified that when he was informed of his termination, his superior also told him that after restructuring it was "out with the old and in with the new;" that for the same money Mr. Flynn was paid the company could hire a lot of "eager young bucks right out of college;" and that it was "a young man's business."

Mr. Flynn sued the company for a violation of Tenn.Code Ann. § 4–21–401, *et seq.*, which prevents an employer from discharging an employee because of his age. At the trial the defendant stipulated that Mr. Flynn's duties had been assigned to younger employees but denied any illegal motivation for Mr. Flynn's termination. The company attempted to show that in the restructured company Mr. Flynn's duties had been virtually eliminated.

The case went to the jury on the question of the age discrimination and on the amounts, if any, of back pay and front pay to which he was entitled. The jury returned a verdict for Mr. Flynn finding that his discharge was age related and that he was entitled to $130,776.41 in back pay. The jury found he was not entitled to front pay.

### II.

The company asserts that it is entitled to a judgment in accordance with its motion for a directed verdict made at the close of all the proof. Rule 50.02, Tenn. R.Civ.Proc. To succeed at this stage of the litigation, the company acknowledges that it must convince this court that a reasonable mind could draw but one conclusion, *Holmes v. Wilson*, 551 S.W.2d 682, 685 (Tenn.1977), after taking the strongest legitimate view of the evidence in favor of

the plaintiff, indulging in all reasonable inferences in his favor, and disregarding the contrary evidence. *Wharton Transport Corp. v. Bridges*, 606 S.W.2d 521, 525 (Tenn.1980); *Crosslin v. Alsup*, 594 S.W.2d 379, 380 (Tenn.1980).

In the face of this formidable obstacle, however, the employer insists that in a reduction-in-force case the plaintiff also has a higher burden: to come forward with additional evidence that age was a determining factor in his termination. *Ridenour v. Lawson Co.*, 791 F.2d 52, 57 (6th Cir.1986); *LaGrant v. Gulf & Western Mfg. Co., Inc.*, 748 F.2d 1087, 1091 (6th Cir.1984). In addition, the employer insists that the age related comments made by the employee's superior are not sufficient to prove age discrimination. *See Chappell v. GTE Products Corp.*, 803 F.2d 261, 268 n. 2 (6th Cir.1986); *Simmons v. McGuffey Nursing Home, Inc.*, 619 F.2d 369, 371 (5th Cir.1980).

 We think, however, that, taken together, the remarks made by Mr. Flynn's superior are sufficient to take the case to the jury on the question of age discrimination.[1] We note that age does not have to be the sole motivating factor in the discharge but only *a* determining factor. *See Bruce v. Western Auto Supply Co.*, 669 S.W.2d 95. Thus, repeated references to the employee's age by the company representative while informing the employee of his termination is some evidence from which the jury could infer that age was a factor.

### III.

Mr. Flynn insists that he is entitled to reinstatement or front pay and that the jury's failure to award front pay resulted from specified errors committed at the trial. The employer insists that Mr. Flynn has waived any objection to the judgment as entered.

#### a.

The procedural history of this case shows the following pertinent steps taken during the course of the trial below:

1. The plaintiff's complaint, filed July 11, 1989, asked for back pay, front pay, bonuses, benefits, and reinstatement;

2. At the trial the plaintiff offered expert proof on the amount of front pay to which the plaintiff would be entitled and submitted a special request for a jury instruction on the plaintiff's damages. The instruction, which the court adopted, included both back pay and front pay.

3. The jury returned its verdict on June 10, 1991, awarding the plaintiff back pay but finding the plaintiff was not entitled to front pay.

4. On June 13, 1991, before a judgment was entered on the verdict, the plaintiff filed a motion for reinstatement.

5. On June 19, 1991, the court entered a judgment based on the jury verdict.

6. On July 18, 1991, the plaintiff filed a motion asking the court to tax the defendant with attorney's fees and costs.

7. On July 19, 1991, the defendant filed a motion under Rule 50.02, Tenn. R.Civ.Proc., to set aside the verdict of the jury and to enter judgment in accordance with the motion for a directed verdict made at the trial.

8. The plaintiff responded to the defendant's motion on August 1, 1991. The response is simply an argument that the evidence was such that the case should have gone to the jury on the discrimination claim.

9. On October 15, 1991, the court ruled on all post-trial motions. Its order denied reinstatement, awarded plaintiff attorney's fees and costs, and denied the defendant's Rule 50.02 motion.

10. On October 25, 1991, the plaintiff filed a motion for a new trial on the issue

---

1. The employer does not address the question of whether the employee has made out a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) by simply proving his age, his termination, his qualifications, and his replacement by a younger employee. *See Bruce v. Western Auto Supply Co.*, 669 S.W.2d 95 (Tenn.App. 1984).

of front pay and a motion to alter or amend the amount of back pay and the court's order denying reinstatement.

11. On November 8, 1991, the plaintiff filed a supplemental motion to alter or amend seeking a court order returning his stock options.

12. On December 2, 1991, the court overruled the motions filed on October 25 and November 8.

### b.

■ Under these facts we are of the opinion that the plaintiff is precluded from raising any issues on appeal concerning front pay because he failed to raise these issues in a timely motion for new trial after the jury verdict.[2] Rule 3(e), Tenn.R.App. Proc., requires, in all cases tried by a jury, that the issues raised on appeal be specifically raised in a motion for new trial in the trial court. The motion must be filed within thirty days after the entry of the judgment. Rule 59.02, Tenn.R.Civ.Proc.

In this case the plaintiff filed only two motions within thirty days of the entry of the judgment on the jury verdict: (1) for reinstatement; and (2) for attorney's fees and costs. The trial judge overruled both motions on October 15, 1991. It was not until October 25, 1991, that the plaintiff moved for a new trial on the issue of front pay and for an increase in the judgment for back pay. Both issues had been decided by the jury and a judgment entered on the verdict on June 19, 1991. We think the motions came too late and the plaintiff is precluded from raising those issues on appeal.

### c.

■ That leaves the issue of reinstatement. Since this issue was not tried by the jury it was not necessary to file a motion for new trial as to it. The chancellor, however, held in his order of October 15, 1991, that the plaintiff had waived the right to reinstatement by seeking front pay at the trial, and that, in any event, reinstatement was not feasible because the defendant had assigned the plaintiff's duties to other employees.

We are of the opinion that the chancellor was correct in holding that the plaintiff had made an election of remedies. As we held in Sasser, front pay is a substitute for reinstatement. 839 S.W.2d at 435. Therefore, the plaintiff would not be entitled to both. By not seeking a determination from the chancellor on the feasibility of reinstatement and then actively seeking front pay, the plaintiff made an election to seek front pay rather than reinstatement. Having made that election and having lost that issue before the jury, he should not now be allowed to seek reinstatement.

In addition, since reinstatement is an equitable remedy, it is peculiarly a question involving the discretion of the chancellor. We cannot say that he abused his discretion in this case. The case stands now as if the chancellor had made the decision against reinstatement prior to the trial and had submitted the question of front pay to the jury. His decision should not be disturbed.

The judgment of the court below is affirmed and the cause is remanded to the Chancery Court of Davidson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and FRANKS, J., concur.

■

---

2. Although we have now said that the issues of reinstatement and front pay are equitable remedies and should be decided by the court rather than by the jury, Sasser v. Averitt Exp., Inc., 839 S.W.2d 422, 435 (Tenn.App.1992), where, over the defendant's objection and without any objection from the plaintiff, the court submits the question of front pay to the jury, the plaintiff should be bound by the verdict and should not be able to ask the court to decide the issue of front pay as an equitable matter.