William FOX

v.

BAPTIST MEMORIAL HOSPITAL
TIPTON.

Court of Appeals of Tennessee,
at Jackson.

Oct. 14, 2002 Session.

Dec. 9, 2002.

Application for Permission to Appeal
Denied by Supreme Court
July 6, 2004.

Frank Deslauriers, Covington, Tennessee, for the appellant, William Fox.

Paul E. Prather, W. Terry Smith, Jr., and David S. Wilson, III, Memphis, Tennessee, for the appellee, Baptist Memorial Hospital Tipton.

## OPINION

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

The plaintiff in this case alleges he was wrongfully terminated by Baptist Memorial Hospital, Tipton, in violation of Tenn. Code. Ann. § 4–21–101 et seq., which prohibits employment discrimination based on age. The trial court awarded summary judgment to Baptist Memorial Hospital, finding its stated reasons for terminating the plaintiff were legitimate and not pretextual. We affirm.

William Fox (Mr. Fox) was employed by Baptist Memorial Hospital, Tipton, ("Baptist") as director of the Respiratory Care and Cardiology Department from December of 1988 until he was terminated on October 16, 1997. When he was terminated, Mr. Fox was over forty years of age. He was replaced by a thirty-seven year old who previously had been the director of Respiratory and Cardiology at Baptist's Lauderdale hospital. Mr. Fox filed suit against Baptist on March 20, 1998, alleging age discrimination in violation of Tenn. Code Ann. § 4–21–101 et seq.

As department director, Mr. Fox was responsible for management of the department and supervised six employees in the Respiratory, Cardiology and Neurology Departments. According to Mr. Fox, he received only "positive employment appraisals" during his tenure with Baptist. According to Baptist, he was notified several times of behavioral problems related

to his conduct toward employees in his department. Baptist refers specifically to Mr. Fox's 1990 and 1996 evaluations, in which Mr. Fox was advised that he needed to better control his composure and emotions. Baptist also cites employee reports charging Mr. Fox with unprofessional behavior. In its termination letter to Mr. Fox, Baptist stated it was terminating Mr. Fox for his unprofessional treatment of personnel and "failure to provide effective leadership."

The trial court did not specifically rule on whether Mr. Fox proved a prima facie case of age discrimination. The court awarded summary judgment to Baptist upon finding that Baptist's reasons for terminating Mr. Fox were legitimate and not pretextual. Mr. Fox properly perfected an appeal to this Court.

### Issue

Mr. Fox raises the following issue for our review:

> Did plaintiff present sufficient evidence to create a jury question as to whether or not defendant's stated reasons for terminating plaintiff's employment were a pretext?

### Standard of Review

■ Summary judgment is appropriate when there are no genuine issues regarding material facts of the cause of action, and the moving party is entitled to a judgment as a matter of law. Tenn. R. Civ. P. 56.04. In determining whether to award summary judgment, the court must view the evidence in the light most favorable to the nonmoving party, drawing all reasonable inferences in favor of the nonmoving party. *Staples v. CBL & Assocs.*, 15 S.W.3d 83, 89 (Tenn.2000). Summary judgment should be awarded only when a reasonable person could reach only one conclusion based on the facts and inferences drawn from those facts. *Id.* When

a party makes a properly supported motion for summary judgment, the burden shifts to the nonmoving party to establish the existence of disputed material facts. *Id.* We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn.2002). As in this case, when the primary determination concerns the employer's motivation, the appellate court must determine whether the "proffered admissible evidence shows circumstances that would be sufficient to permit a rational trier of fact to infer a [discriminatory] motive." *Guy*, 79 S.W.3d at 534 (reviewing an award of summary judgment in a retaliatory discharge action and quoting *Mason v. Seaton*, 942 S.W.2d 470, 473 (Tenn.1997)).

### Age Discrimination

■ The Tennessee Human Rights Act ("the Act"), codified at Tenn.Code Ann. § 4–21–101 *et seq.*, provides that discharge of an employee based on age is prohibited as discriminatory. Tenn.Code Ann. § 4–21–101(a) (1998). The legislative purpose of the Act is to "[p]rovide for execution within Tennessee of the policies embodied in the federal Civil Rights Acts of 1964, 1968 and 1972, the Pregnancy Amendment of 1978, and the Age Discrimination in Employment Act of 1967, as amended." *Id.* The prohibition against age discrimination in the employment context is limited to persons who are at least forty years of age. Tenn.Code Ann. § 4–21–101(b). Since the purpose of the Act is to execute the policies reflected in the federal civil rights acts, the courts of this State apply the analysis of the federal courts in Title VII actions to causes of action brought pursuant to the Tennessee Act. *See, e.g., White v. Regions Fin. Corp.*, No. M2000–02957–COA–R3–CV, 2001 WL 1426558 at *3 (Tenn.Ct.App. Nov. 15, 2001) (*no perm. app. filed*) (citing *Campbell v. Florida*

*Steel Corp.,* 919 S.W.2d 26 (Tenn.1996)). A plaintiff can establish an age discrimination claim through direct evidence or by inferences drawn from circumstantial evidence. *Bruce v. Western Auto Supply Co.,* 669 S.W.2d 95, 97 (Tenn.Ct.App.1984). Causes of action based on circumstantial evidence are analyzed under the burden shifting analysis established by the U.S. Supreme Court in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *Id.*

■ The trial court found that Mr. Fox presented no direct evidence of age discrimination. Mr. Fox contends that the trial court erred in this determination. Mr. Fox asserts that a statement made by Ms. Cathy Hill, who in 1997 was vice-president market leader for the Baptist Healthcare Corporation for the west Tennessee market, constitutes direct evidence of age animus. In his statement of facts to the trial court, Mr. Fox referred the court to the deposition of Mr. William T. Moore, an administrator of the hospital who was terminated shortly before Mr. Fox. In this deposition, apparently taken in the course of an age discrimination action by Mr. Moore, Mr. Moore stated, "she [Ms. Hill] basically said that I [Mr. Moore] was too old and set in my ways. And that with the new change in thinking of the system, I probably wasn't going to make it." A casual, isolated remark, taken out of the context of a conversation and not directed toward the plaintiff is insufficient to establish direct evidence of intentional age discrimination. *See, e.g., Carpenter v. Western Credit Union,* 62 F.3d 143, 145 (6th Cir.1995). We accordingly affirm this finding of the trial court.

■ In *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), the United States Supreme Court laid out the framework for analyzing discrimination claims where allegations are not based on direct evidence.

Under the *McDonnell Douglas* framework as it applies to age discrimination claims, the plaintiff must first establish a prima facie case of age discrimination by proving (1) that he was at least forty years of age when the alleged discrimination occurred; (2) that he was subject to an adverse employment action; (3) that he was qualified for the position; (4) that he was replaced by a younger person. *Cooley v. Carmike Cinemas, Inc.,* 25 F.3d 1325, 1329 (6th Cir.1994). Once a plaintiff has proved a prima facie case, the burden shifts to the defendant employer to articulate a legitimate, non-discriminatory reason for discharge of the employee. *Id.* The burden of proof then shifts back to the employee to prove by a preponderance of the evidence that the reasons articulated by the employer are a mere pretext. *Id.* Pretext can be proven "by showing that the [employer's] reasons have no basis in fact, or if they have a basis in fact, by showing that they were not really factors motivating the discharge, or, if they were factors, by showing that they were jointly insufficient to motivate the discharge." *Id.* at 1329–30 (citing *Ridenour v. Lawson Co.,* 791 F.2d 52, 56 (6th Cir.1986) (quoting *La Montagne v. American Convenience Prods., Inc.,* 750 F.2d 1405, 1414–15 (7th Cir.1984))).

■ The trial court in this case did not determine whether Mr. Fox met his burden of establishing a prima facie case, but awarded Baptist summary judgment based on a finding that Baptist's asserted reasons for terminating Mr. Fox were not mere pretext. The court stated that, assuming *arguendo* Mr. Fox could establish a prima facie case, he had not provided evidence of pretext. We agree.

Baptist's proffered reason for terminating Mr. Fox was his inappropriate behavior toward the employees under his supervision. The record before us includes employee evaluations of Mr. Fox stating

that "improvement [was] needed in controlling emotions during intense situations and interactions." The record also includes affidavits of eight Baptist employees, five of whom reported to Mr. Fox. These affidavits support Baptist's assertion that Mr. Fox's behavior toward employees under his supervision was unprofessional and verbally abusive. Affidavits of Baptist's administrator, director of medical review services, and director of ancillary services (to whom Mr. Fox reported), also included in the record, further support a finding that Mr. Fox was terminated for the reasons offered by Baptist, and that such reasons were not merely a pretext.

In light of the foregoing, we agree with the trial court that, assuming Mr. Fox had established a prima facie case of age discrimination, the record establishes that Baptist terminated Mr. Fox for legitimate, non-pretextual reasons. The judgment of the trial court accordingly is affirmed. Cost of this appeal are taxed to Mr. William Fox, and his surety, for which execution may issue if necessary.