IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
January 19, 2016 Session

**DONALD YOUNT v. FEDEX EXPRESS**

**Appeal from the Chancery Court for Shelby County**
**No. CH1021951     Walter L. Evans, Judge**

_____

**No. W2015-00389-COA-R3-CV – Filed March 17, 2016**
_____

This is an age discrimination case.  The 50-year-old plaintiff worked for the defendant company as a manager.  In 2007, an internal investigation revealed that the plaintiff had violated two of the company's policies.  The plaintiff was ultimately terminated for violating the policies.  The plaintiff filed this lawsuit alleging age discrimination.  The company filed a motion for summary judgment arguing that the plaintiff could not establish a prima facie claim for discrimination or that the company's explanation for terminating him was a pretext for discrimination.  The trial court granted summary judgment in favor of the company. The plaintiff now appeals.  We affirm.

**Tenn. R. App. P. 3 Appeal of Right; Judgment of the Chancery Court Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which BRANDON O. GIBSON, and KENNY ARMSTRONG, JJ., joined.

Edgar Davison, Memphis, Tennessee, for the appellant, Donald Yount.

Terrence O. Reed, Memphis, Tennessee, for the appellee, Federal Express Corporation.

**OPINION**

**I. BACKGROUND AND PROCEDURAL HISTORY**

This appeal arises from the November 2007 termination of Plaintiff/Appellant Donald Yount ("Yount") from his employment with Defendant/Appellee Federal Express Corporation d/b/a FedEx Express ("FedEx").  Yount began working for FedEx in July 1975.

At the time of his termination, Yount was employed as a manager in FedEx's Aircraft Maintenance Technical Training ("MTT") department.

During the course of Yount's employment, FedEx issued him a laptop computer for business and limited personal use. Yount's use of the laptop computer was governed by FedEx's Computer Resources and Acceptable Conduct Policies. In part, the Computer Resources Policy prohibited employees from using a FedEx computer to access inappropriate or sexually-oriented material. The Acceptable Conduct Policy prohibited unauthorized use of a FedEx computer. Yount was aware of both policies and understood that a violation of either could lead to his immediate termination, even after a first offense.

In January 2007, Yount reported to a FedEx Technical Consultant that he could not stop pornographic pop-ups from appearing on his FedEx computer. After examining the computer, the consultant determined that it had been infected by a virus from a pornographic website. The consultant ran antivirus software on the computer to delete the virus and the pornographic images. He was able to restore the computer to its default settings and returned it to Yount.

In mid-2007, a complaint filed with the U.S. Equal Employment Opportunity Commission sparked an internal FedEx investigation into the alleged unauthorized use of FedEx computers by MTT employees. FedEx began to examine Yount's use of his FedEx computer after he was implicated in the course of the investigation. On October 10, 2007, Yount was interviewed by his managing director and a human resources representative regarding allegations that he viewed and showed other FedEx employees inappropriate materials on his FedEx computer. Yount denied that the computer contained any inappropriate material and denied having shown or forwarded inappropriate material to coworkers. FedEx confiscated Yount's computer, along with computers that had been issued to three other MTT employees, and turned them over to its Security Assessment and Forensics team for a review of their contents.

The Security Assessment and Forensics team issued the initial findings and conclusions of its investigation in an incident report dated October 22, 2007. The report indicated that each of the four computers investigated contained some non-pornographic, inappropriate material; however, only two of the computers–the computer issued to Yount and the computer issued to another MTT manager–also contained pornographic material. The report stated that Yount's computer was used to access the pornographic material on January 7 and 8, 2007.

On October 29, 2007, Yount's senior manager, Joaquin Villarreal ("Villarreal"), met with Yount to discuss the incident report. During the meeting, Yount told Villarreal for the

first time about the January 2007 virus that caused pornographic pop-ups to appear on the computer. Yount maintained that the virus was the result of his computer being hacked. Following the meeting, Villarreal placed Yount on investigative suspension, and FedEx requested that the Security Assessment and Forensics team investigate Yount's computer further to determine whether pop-ups could have been the source of the pornographic content on Yount's computer.

The Security Assessment and Forensics team issued a second incident report on October 31, 2007. The report concluded that the pornographic material on Yount's computer was the result of web browsing and not automatic pop-ups. It further indicated that Yount's computer was used to access 6 pornographic websites over the course of 30 minutes on January 7, 2007, and 23 pornographic websites over the course of 44 minutes on January 8, 2007.

In November 2007, FedEx terminated Yount and the other MTT manager whose computer had been found to contain pornographic material. A letter informing Yount of his termination noted the discovery of pornographic and inappropriate material on his company-issued computer and indicated that Yount was not truthful about the contents of the computer prior to the Security Assessment and Forensics team's investigation. The letter stated that Yount's actions constituted violations of FedEx's Computer Resources and Acceptable Conduct Policies and, based on those violations, his employment with the company was terminated. Yount was 50 years old at the time of his termination. The other MTT manager who was terminated was also in his 50s.[1] Yount and the other terminated MTT manager were replaced by two individuals who were 44 and 45 years old at the time.

On November 7, 2008, Yount filed a complaint in the Shelby County Chancery Court asserting claims against FedEx pursuant to state and federal law. The matter was later removed to the United States District Court for the Western District of Tennessee, which dismissed Yount's claims under federal law and declined to exercise supplemental jurisdiction over his state law claims. On December 6, 2010, Yount filed a second complaint in the Shelby County Chancery Court reasserting the remaining state law claims. Specifically, Yount asserted claims against FedEx for age discrimination and retaliatory discharge in violation of the Tennessee Human Rights Act and for breach of contract. On February 15, 2011, the chancery court entered an order reflecting the parties' agreement that Yount's retaliatory discharge and breach of contract claims be dismissed with prejudice. As such, only Yount's age discrimination claim remained pending before the chancery court.

---

[1] The other MTT manager's exact age is not clear from the record.

On September 5, 2014, following a period of discovery, FedEx filed a motion for summary judgment and supporting memorandum of law. FedEx argued that it was entitled to summary judgment because Yount could not establish the required elements of a prima facie claim for age discrimination. Specifically, FedEx asserted that Yount could not show that he was replaced by an employee who was substantially younger or that he was treated differently than other similarly situated employees. Additionally, FedEx argued that it had a non-discriminatory explanation for terminating Yount's employment, namely, his violation of the company's Computer Resources and Acceptable Conduct Policies. As evidence of the legitimacy of its explanation, FedEx submitted the two incident reports its Security Assessment and Forensics team completed prior to Yount's termination and a third incident report dated August 29, 2008. The third incident report contained detailed information to indicate that the pornographic content on Yount's computer was the result of intentional web browsing and Internet searches calculated to produce pornographic results. FedEx asserted that Yount had no evidence that this reason was a pretext for discrimination.

In response, Yount argued that summary judgment was not appropriate because there was a disputed question of fact as to whether the age disparity between Yount and the employees that replaced him was "substantial." Alternatively, Yount argued that similarly situated employees were treated more favorably than he was. In support of his assertion, Yount submitted an affidavit in which he identified two employees who he maintained were only suspended despite committing offenses similar to the ones for which he was terminated. Finally, Yount argued that a reasonable fact finder could conclude that FedEx's explanation for his termination was a pretext for discrimination. Specifically, Yount maintained that Villarreal had become hostile towards him in a recent meeting and, on several occasions, had asked when he was going to retire. Additionally, Yount asserted that his managing director commented that the department needed younger employees during a meeting in 2007.

On January 20, 2015, the chancery court entered an order holding that FedEx was entitled to summary judgment. In its order, the chancery court noted that of the individuals that replaced Yount and the other terminated MTT manager, one was only five years younger than Yount, and the other was only six years younger than Yount. The chancery court also noted that FedEx terminated every MTT manager whose computer was found to contain pornography. The chancery court therefore determined that Yount was unable to establish a prima facie claim for age discrimination because he was not replaced by an employee who was substantially younger or treated differently than other similarly situated employees. Alternatively, the chancery court noted that Yount undisputedly violated FedEx's Computer Resources and Acceptable Conduct Policies and that violation of those policies was grounds for termination. Finally, the chancery court held that even if a prima facie claim could be established, Yount did not present any evidence that FedEx's stated reason for his

termination was a pretext for discrimination. The chancery court therefore granted summary judgment in favor of FedEx. Yount appeals from the chancery court's order.

## II. ISSUE

Yount raises the following issue on appeal, restated from his appellate brief:

1.      Whether the chancery court erred in granting summary judgment in favor of FedEx?

## III. STANDARD OF REVIEW

We review a lower court's ruling on a motion for summary judgment de novo with no presumption of correctness. *Estate of Brown*, S.W.3d 193, 198 (Tenn. 2013). In doing so, we must make a fresh determination that the requirements of Rule 56 of the Tennessee Rules of Civil Procedure ("Tennessee Rule 56") have been satisfied. *Id*. Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. The party moving for summary judgment has the ultimate burden of persuading the court that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Town of Crossville Hous. Auth. v. Murphy*, 465 S.W.3d 574, 578 (Tenn. Ct. App. 2014) (citing *Byrd v. Hall*, 847 S.W.2d 208, 215 (Tenn. 1993)). If the moving party makes a properly supported motion for summary judgment, the burden of production shifts to the nonmoving party to demonstrate the existence of a genuine issue of material fact requiring trial. *Id*. (citing *Byrd*, 847 S.W.2d at 215).

When the party moving for summary judgment does not bear the burden of proof at trial, the moving party may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense. *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). If the moving party satisfies its initial burden of production, "the nonmoving party may not rest upon the mere allegations or denials of its pleading, but must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, set forth specific facts *at the summary judgment stage* showing that there is a genuine issue for trial." *Id*. at 265 (quoting Tenn. R. Civ. P. 56.03) (internal quotation marks omitted). The nonmoving party must demonstrate the existence of specific facts in the record that could lead a rational trier of fact to find in favor of the nonmoving party. *Id*. If adequate time for discovery has been provided, and the nonmoving party's evidence at the summary judgment

stage is insufficient to establish the existence of a genuine issue of material fact for trial, the motion for summary judgment should be granted. *Id*. Thus, even when the determinative issue is ordinarily a question of fact for the jury, summary judgment is appropriate if the uncontroverted facts and inferences to be drawn from the facts make it so clear that a reasonable person can reach only one conclusion. *White v. Lawrence*, 975 S.W.2d 525, 529-30 (Tenn. 1998).

## IV. DISCUSSION

On appeal, Yount contends that the chancery court erred in granting summary judgment in favor of FedEx on his claim of age discrimination because he presented evidence from which a rational fact finder could conclude that he established a prima facie case of age discrimination. For its part, FedEx argues that summary judgment was appropriate because Yount failed to establish a prima facie claim of age discrimination. Alternatively, FedEx argues that if Yount did establish a prima facie claim, summary judgment was still appropriate because it articulated a legitimate, non-discriminatory reason for Yount's termination, and Yount did not present evidence to indicate that its reason was a pretext for discrimination. To resolve the parties' dispute, we must consider how the manner in which Tennessee courts approach discrimination claims at the summary judgment stage has developed over time.

### *Discrimination Claims at the Summary Judgment Stage in Tennessee*

Historically, Tennessee courts have consulted the decisions of their federal counterparts in the construction and application of Tennessee's anti-discrimination statutes. The Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101 (2015), *et seq.*, is Tennessee's comprehensive anti-discrimination statute. *Phillips v. Interstate Hotels Corp. No. L07*, 974 S.W.2d 680, 683 (Tenn. 1998). It was enacted to further in Tennessee the policies embodied in similar federal statutes against employment discrimination. Tenn. Code Ann. § 4-21-101(a)(1); *Wilson v. Rubin*, 104 S.W.3d 39, 48 (Tenn. Ct. App. 2002). The THRA was enacted to prohibit discriminatory employment practices with respect to the compensation, terms, conditions, or privileges of employment based on considerations of race, creed, color, religion, sex, age, or national origin. Tenn. Code Ann. § 4-21-101(a)(3). In light of the intended overlap in purpose between the THRA and federal anti-discrimination laws, Tennessee's courts consulted the decisions of their federal counterparts for guidance in interpreting the THRA for many years. *Wilson*, 104 S.W.3d at 48 (citing *Weber v. Moses*, 938 S.W.2d 387, 390 (Tenn. 1996); *Frazier v. Heritage Fed. Bank for Sav.*, 955 S.W.2d 633, 636 n.1 (Tenn. Ct. App. 1997)).

Likewise, for many years, the courts of this State interpreted Tennessee Rule 56 governing summary judgment as consistent with its federal counterpart. *Byrd*, 847 S.W.2d at 210 ("Comparison of the state and federal caselaw construing Rule 56 to date reveals no striking differences."); *see also Rye*, 477 S.W.3d at 273 (Bivins, J., concurring) ("Prior to [*Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1 (Tenn. 2008)], the great majority of trial court judges interpreted *Byrd* to be consistent with the federal standard."). Prior to 2008, in both Tennessee courts and in federal courts, a party moving for summary judgment would prevail if it could affirmatively negate an essential element of the nonmoving party's claim or demonstrate that the nonmoving party's evidence was insufficient to establish an essential element of the claim. *See Byrd*, 847 S.W.2d at 215 n.5. This approach to summary judgment burden-shifting was referred to as the "put up or shut up" standard for its expectation that a nonmoving party must "put up" some evidence showing that a material fact is in dispute in order to avoid having its claim dismissed at the summary judgment stage. *See id.* at 213-14.

Given that the Tennessee courts regularly considered federal courts' opinions in resolving discrimination and summary judgment issues, it was hardly a surprise that they began to regularly employ the analytical framework developed by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), to analyze employment discrimination and retaliation claims in the absence of direct evidence of discrimination. *See, e.g.*, *Bruce v. W. Auto Supply Co.*, 669 S.W.2d 95, 97-98 (Tenn. Ct. App. 1984) (applying the *McDonnell Douglas* framework for the first time in Tennessee); *see also Brenner v. Textron Aerostructures*, 874 S.W.2d 579, 582-85 (Tenn. Ct. App. 1993) (applying the *McDonnell Douglas* framework at the summary judgment stage for the first time in a published Tennessee case). The *McDonnell Douglas* framework is "an allocation of the burden of production and an order for the presentation of proof." *Williams v. City of Burns*, 465 S.W.3d 96, 112 (Tenn. 2015) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993)). "The goal of this approach is to progressively sharpen the inquiry into the elusive factual question of intentional discrimination." *Wilson*, 104 S.W.3d at 50 (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 255 n.8 (1981)). It can be briefly summarized as follows:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, non-discriminatory reason for [its actions.]" [*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).] Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Id.*, at 804, 93 S.Ct. at 1825.

*Versa v. Policy Studies, Inc.*, 45 S.W.3d 575, 580 (Tenn. Ct. App. 2000) (footnote omitted) (quoting *Burdine*, 450 U.S. at 252-53). The framework is explained in greater detail below.

The plaintiff may satisfy its initial burden of establishing a prima facie claim of age discrimination by demonstrating (1) that he or she is a member of the protected class, i.e., forty years of age or older, (2) that his or her work performance satisfied the employer's reasonable expectations, (3) that he or she was actually or constructively terminated, and (4) that the termination occurred under circumstances giving rise to an inference of discrimination based on age. *Wilson*, 104 S.W.3d at 52. The fourth element of a prima facie age discrimination claim can be established by producing evidence that the plaintiff was replaced by a substantially younger employee or treated less favorably than a similarly situated, younger employee was treated. *Bundy v. First Tenn. Bank Nat. Ass'n*, 266 S.W.3d 410, 417 (Tenn. Ct. App. 2007). The "similarly situated younger employee" may be within the protected class, i.e., at least forty years old, as long as the compared employee is *substantially* younger than the plaintiff. *Id.* at 417 n.5 (citing *Frame v. Davidson Transit Org.*, 266 S.W.3d 429, 439 (Tenn. Ct. App. 2005)).

By successfully establishing a prima facie discrimination claim, the plaintiff creates a rebuttable presumption that the challenged employment action was motivated by discrimination. *Wilson*, 104 S.W.3d at 50. The burden of production then shifts to the defendant to set forth, through the production of admissible evidence, one or more legitimate, non-discriminatory reasons for the challenged employment action that, if believed by the trier of fact, would support a finding that the action was not the result of unlawful discrimination. *Bundy*, 266 S.W.3d at 417; *Wilson*, 104 S.W.3d at 50. If the defendant can do so, the burden shifts once again to the plaintiff to present some evidence that the defendant's articulated reasons were not its true reasons but were a pretext for discrimination. *Bundy*, 266 S.W.3d at 417; *Wilson*, 104 S.W.3d at 50. The plaintiff may demonstrate pretext by revealing "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the defendant's explanation. *Wilson*, 104 S.W.3d at 50-51 (quoting *Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1217 (10th Cir. 2002)). Three common methods of undermining a defendant's proffered explanation are (1) to establish that the proffered reasons have no basis in fact, (2) to establish that the proffered reasons did not actually motivate the challenged employment action, or (3) to establish that the proffered reasons were not sufficient to motivate the challenged employment action. *Id.* at 51. Assuming that the plaintiff can establish a prima facie claim of discrimination, the absence of a legitimate, non-discriminatory explanation or evidence that the defendant's asserted justification is false may permit a reasonable fact finder to conclude that the defendant unlawfully discriminated. *See id.* (citing *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 147-48 (2000)).

Between 1993 and 2008, the Tennessee Supreme Court and this Court applied the *McDonnell Douglas* framework at the summary judgment stage in at least eighteen published decisions. *See Gossett v. Tractor Supply Co., Inc.*, 320 S.W.3d 777, 792 (Tenn. 2010) (Clark, J., concurring in part and dissenting in part) (providing a list of citations to published Tennessee decisions utilizing the *McDonnell Douglas* framework at the summary judgment stage). In 2008, however, the Tennessee Supreme Court expressly declared Tennessee's departure from the federal "put up or shut up" standard for the first time in *Hannan v. Alltel Publishing Co.*, 270 S.W.3d 1, 8 (Tenn. 2008), and held that a party seeking summary judgment must demonstrate at the summary judgment stage that the nonmoving party will not be able to prove an essential element of its claim at trial. 270 S.W.3d 1, 8-9 (Tenn. 2008). Two years later, in *Gossett v. Tractor Supply Co., Inc.*, the Tennessee Supreme Court examined the continued viability of the *McDonnell Douglas* framework in the context of Tennessee summary judgment law as it existed after *Hannan*. 320 S.W.3d 777, 781-82 (Tenn. 2010). The *Gossett* Court determined that the framework was inconsistent with the summary judgment standard adopted in *Hannan* because it would require an employee to "put up" evidence that an employer's legitimate reason for the challenged action was merely a pretext for discrimination at the summary judgment stage rather than at trial. *Gossett*, 320 S.W.3d at 782-83. Accordingly, the *Gossett* Court declared, "the *McDonnell Douglas* framework is inapplicable at the summary judgment stage because it is incompatible with Tennessee summary judgment jurisprudence." *Id*. at 785.

In light of the Tennessee Supreme Court's holding in *Gossett* that the *McDonnell Douglas* framework was inconsistent with the summary judgment standard adopted in *Hannan*, this Court rejected its application in subsequent discrimination cases.[2] *See, e.g.*, *Stewart v. Cadna Rubber Co.*, No. W2013-00670-COA-R3-CV, 2014 WL 1235993, at *8 (Tenn. Ct. App. Mar. 26, 2014) (holding that the trial court erroneously applied the *McDonnell Douglas* framework rejected in *Gossett*). Applying the *Hannan* standard to discrimination cases made it nearly impossible for employers to be granted summary judgment. For example, in a case where the plaintiff sought to satisfy the fourth element of her prima facie discrimination claim by demonstrating that similarly situated employees received more favorable treatment, this Court held that summary judgment should not be

---

[2] We note that the General Assembly subsequently enacted legislation that purported to functionally overrule the summary judgment standard set forth in *Gossett* and *Hannan*. *See* 2011 Tenn. Pub. Acts 461 (amending Tennessee Code Annotated section 4-21-311 to set forth the burden of proof in discrimination cases "at all stages of the proceedings, including motions for summary judgment"); 2011 Tenn. Pub. Acts 498 (enacting Tennessee Code Annotated section 20-16-101 with the stated purpose to "to overrule the summary judgment standard for parties who do not bear the burden of proof at trial set forth in *Hannan v. Alltel Publishing Co.*, its progeny, and the cases relied on in *Hannan*"). However, the new legislation only applied to cases filed on or after June 10, 2011 and July 1, 2011, respectively. Because this case was initiated prior to those dates, the statutes are inapplicable.

granted to the defendant employer despite acknowledging that the plaintiff had not produced *any* evidence to satisfy the element at the summary judgment stage. *Castro v. TX Direct, LLC*, No. W2012-01494-COA-R3-CV, 2013 WL 684785, at *6 (Tenn. Ct. App. Feb. 25, 2013). We reasoned that under the summary judgment standard adopted in *Hannan*, the trial court was required to assume that the employee could still, by the time of trial, somehow come up with evidence to support his or her claim. *Id*. (quoting *White v. Target Corp.*, No. W2010-02372-COA-R3-CV, 2012 WL 6599814, at *7 n.3 (Tenn. Ct. App. Dec. 18, 2012)). In another case, this Court held that even if the defendant's legitimate reason for terminating the plaintiff is taken as true and the plaintiff has not presented evidence to rebut it, summary judgment should not be granted to the defendant because the employee could still, by the time of trial, come up with evidence that the defendant had a discriminatory motive. *Pierce v. City of Humboldt*, No. W2012-00217-COA-R3-CV, 2013 WL 1190823, at *13-14 (Tenn. Ct. App. Mar. 25, 2013).

The Tennessee Supreme Court granted permission to appeal in *Rye v. Women's Care Center of Memphis, MPLLC* to reconsider the summary judgment standard adopted in *Hannan*. 477 S.W.3d at 238. After reexamining *Hannan*, the Tennessee cases that preceded and followed it, and the federal summary judgment standard, the *Rye* Court concluded, "that the standard adopted in *Hannan* is incompatible with the history and text of Tennessee Rule 56[.]" *Id*. at 261. It further acknowledged that application of the *Hannan* standard imposed an almost insurmountable burden of production on parties seeking summary judgment and frustrated the purpose for which summary judgment was intended–a rapid and inexpensive means of resolving issues about which there is no genuine issue of material facts. *Id*. Accordingly, the *Rye* Court overruled *Hannan* and returned Tennessee to a summary judgment standard consistent with the standard employed by the federal system. *Id*. at 264.

As we explained above, the Tennessee Supreme Court abandoned the *McDonnell Douglas* framework in *Gossett* based on its conclusion that the burden-shifting method employed by the federal courts was inconsistent with the summary judgment standard adopted in *Hannan*. Thus, in light of the Tennessee Supreme Court's decision in *Rye* to overrule *Hannan*, we conclude that the *McDonnell Douglas* framework once again applies in Tennessee to analyze discrimination claims at the summary judgment stage.[3] We will therefore proceed to determine whether FedEx was entitled to summary judgment under that standard.

---

[3] Although they ultimately reach different conclusions, both parties maintain in their appellate briefs that the *Hannan* standard should be applied in this case. We note, however, that appellate briefs for both parties were submitted prior to the filing of the Tennessee Supreme Court's opinion in *Rye* on October 26, 2015. Both parties subsequently acknowledged, during oral arguments on January 19, 2016, that the summary judgment standard set forth in *Rye* applies retroactively to this case.

## *Yount's Age Discrimination Claim*

Yount contends that his evidence at the summary judgment stage was sufficient to establish a prima facie claim for age discrimination. FedEx does not dispute that Yount presented evidence to satisfy the first three elements of a prima facie age discrimination claim, i.e., that he was over 40 years of age, his work performance satisfied FedEx's reasonable expectations, and he was terminated. However, FedEx asserts that Yount did not present evidence to establish the fourth element of a prima facie claim for age discrimination because he failed to demonstrate that he was terminated under circumstances giving rise to an inference of discrimination based on age.

As we explained above, an employee may satisfy the fourth element of a prima facie age discrimination claim by presenting evidence that he or she was replaced by a substantially younger employee or treated less favorably than a similarly situated and substantially younger employee was treated. First, Yount argues that he satisfied this element by presenting evidence that he was replaced by a younger employee. Yount was 50 years old when he was terminated. The record reflects that Yount and the other terminated MTT manager were replaced by two individuals who were 44 and 45 years old at the time. While the courts have not articulated an age difference that is presumptively substantial, this Court has concluded in the past that a seven-year age difference is not sufficient. *See Pruett v. Wal-Mart Stores, Inc.*, No. 02A01-9610-CH-00266, 1997 WL 729260, at *9-10 (Tenn. Ct. App. Nov. 25, 1997). We likewise conclude that the age difference in this case is not sufficient for a reasonable fact finder to infer age discrimination.

Next, Yount contends that he satisfied the fourth element of a prima facie age discrimination claim by presenting evidence that he was treated less favorably than a similarly situated, substantially younger employee was treated. In furtherance of this argument, Yount identifies two individuals whom he asserts received disciplinary letters and two-week suspensions for conduct that was the same or similar to the conduct for which he was terminated. The record reveals, however, that those individuals were neither similarly situated nor substantially younger. For instance, neither of the individuals was in a management position. *See Spann v. Abraham*, 36 S.W.3d 452, 468 (Tenn. Ct. App. 1999) ("The comparable employees should have held similar positions, dealt with the same level of supervision, and been subject to the same general employer-imposed work rules and requirements."). Neither of the individuals was found to have accessed pornography on company-issued computers; Yount's own affidavit indicates that they were disciplined after one made a racial comment to the other. Finally, neither of the individuals is substantially younger than Yount. The record reflects that one of the individuals is approximately three years younger than Yount; the other is approximately ten years older than Yount. Based on the foregoing, we are satisfied that Yount's evidence at the summary judgment stage was

insufficient to permit a reasonable fact finder to infer discrimination based on age. We therefore conclude that under the summary judgment standard articulated in *Rye* and the *McDonnell Douglas* framework, FedEx is entitled to summary judgment in this case.

Assuming, *arguendo*, that Yount successfully established a prima facie age discrimination claim, the chancery court correctly granted summary judgment in favor of FedEx because Yount failed to present evidence sufficient to allow a reasonable fact finder to conclude that FedEx's explanation for his termination was a pretext for discrimination. In support of its motion for summary judgment, FedEx presented evidence that it terminated Yount for violating its Computer Resources and Acceptable Conduct Policies by accessing pornographic materials on his company-issued laptop computer. Specifically, FedEx presented three incident reports containing the findings and conclusions of its Security Assessment and Forensics team after its review of Yount's computer. It is undisputed that the individuals who prepared and reviewed the information contained in the incident reports did not know Yount or his age prior to his termination. The incident reports indicated that Yount's computer was used to access 29 pornographic websites over the course of two days in January 2007. The incident reports further indicated that the pornographic content was the result of intentional web browsing and Internet searches for terms clearly calculated to result in pornographic content. Despite Yount's insistence that he never intentionally accessed pornographic material on the computer, one of the incident reports indicated that on January 7, 2007, Yount's computer was used to conduct an Internet search for the name of a pornographic actress. In his deposition, Yount admitted that he typed a female's name in the search engine of his FedEx computer on that date and that pornographic material appeared on the screen as a result. Yount testified that he could not remember the female's name but acknowledged that he thought it was associated with a pornographic website.

In an attempt to demonstrate that FedEx's explanation was a pretext for discrimination, Yount submitted an affidavit in response to the summary judgment motion stating that Villarreal had become hostile towards him in a recent meeting and had asked when Yount was going to retire on several occasions and that his managing director had commented that the department needed younger employees during a meeting in 2007. Yount does not allege, however, that either of Villarreal's actions was provoked by or associated with concerns about Yount's age. While the managing director's comment could be construed as critical of Yount's age, it falls far short of revealing weakness or inconsistency in FedEx's proffered reason for his termination. Even when viewed in the light most favorable to Yount, we are satisfied that there is no meaningful evidence in the record from which a reasonable fact finder could infer that FedEx's reason for his termination was a pretext for discrimination. Accordingly, even if Yount had established a prima facie age discrimination claim, FedEx would be entitled to summary judgment in this case.

## V. CONCLUSION

The chancery court's order granting summary judgment in favor of FedEx is affirmed. Costs of this appeal are taxed to the Appellant, Donald Yount, and his surety, for which execution may issue if necessary.

                                        _____
                                        ARNOLD B. GOLDIN, JUDGE